FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REANEE N.,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | NO: 1:19-CV-03260-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 14.  This matter was submitted for consideration without oral argument.  The Plaintiff is represented by Attorney D. James Tree. The Defendant is represented by Special Assistant United States Attorney Katherine B. Watson.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 12, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 14.

**JURISDICTION**

ORDER ~ 1

Plaintiff Reanee N. protectively filed for supplemental security income on December 22, 2016, alleging an onset date of October 1, 2014.  Tr. 229-34.  Benefits were denied initially, Tr. 158-61, and upon reconsideration, Tr. 162-68.  A hearing before an administrative law judge ("ALJ") was conducted on September 13, 2018.  Tr. 81-102.  Plaintiff was represented by counsel and appeared at the hearing.  *Id*.  The ALJ denied benefits, Tr. 12-30, and the Appeals Council denied review.  Tr. 1-6.  The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 26 years old at the time of the hearing.  *See* Tr. 243.  She testified that she dropped out of school in her junior year of high school due to anxiety.  Tr. 90.  Plaintiff lives with her parent.  *See* Tr. 327.  She has limited work history as a babysitter, but no past relevant work.  Tr. 87-88, 96.  Plaintiff testified that she cannot work because of her anxiety disorder; fibromyalgia; and pain in her back, shoulders, and hips.  Tr. 87-88, 93.

Plaintiff reported that she has premenstrual dysphoria disorder which causes her to have problems with anger.  Tr. 91.  She also testified that she has insomnia and night terrors, has trouble being around people, only leaves the house to go to

ORDER ~ 2

doctor's appointments, and cannot get out of beds some days because of fibromyalgia pain. Tr. 92-95. Plaintiff cannot sit or stand for "very long," and has back spasms that cause her to lie down for half an hour to two hours at a time. Tr. 93-94.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER ~ 3

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER ~ 4

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

ORDER ~ 5

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER ~ 6

1  numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,
2  700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 22, 2016, the application date. Tr. 17. At step two, the ALJ found Plaintiff has the following severe impairments: depressive disorder(s), anxiety disorder(s) (including post-traumatic stress disorder), and personality disorder(s). Tr. 17. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels. She can perform unskilled work with a specific vocational preparation (SVP) of two or less, with few workplace changes and only simple routine decisions. She should not have contact with the general public. She can tolerate incidental contact with coworkers. She can work in the vicinity with coworkers but should not engage[] in tandem tasks or other tasks requiring teamwork. She will be off-task up to ten percent of the workday.

Tr. 21. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 24. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: laundry worker, industrial cleaner, and storage laborer. Tr. 25. On that basis, the ALJ concluded that Plaintiff has not

ORDER ~ 7

been under a disability, as defined in the Social Security Act, since December 22, 2016, the date the application was filed. Tr. 25.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ reversibly erred by not giving some *res judicata* consideration to the ALJ's 2014 decision;
2. Whether the ALJ erred at step two;
3. Whether the ALJ properly considered the medical opinion evidence; and
4. Whether the ALJ properly considered Plaintiff's symptom claims.

## DISCUSSION

**A. Step Two**

Plaintiff argues that the ALJ erred at step two by finding Plaintiff did not have severe physical limitations. ECF No. 12 at 3-8. First, at step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). The claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. § 416.908 (1991). "Under no circumstances may the existence of an impairment be established on the basis of symptoms alone." S.S.R. 96-4p. Thus, in general,

ORDER ~ 8

"regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings." *Id.*

Furthermore, for that medically determinable impairment to be considered 'severe' at step two of the sequential analysis, it must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. § 416.920(c); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. SSR 96-3p, 1996 WL 374181 at *1 (July 2, 1996). Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent him from performing substantial gainful activity, and that the impairment or combination of impairments lasted for at least twelve continuous months. 20 C.F.R. §§ 416.905, 416.912(a); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. "Thus, applying our normal standard of review to the requirements of step two, we must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or

ORDER ~ 9

combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, the ALJ found at step two that Plaintiff's "treatment records and examination findings do not establish any severe physical impairment." Tr. 18. Specifically, the ALJ found that "fibromyalgia was not a medically determinable impairment. Instead, [the ALJ] considered [Plaintiff's] pain complaints and occasionally positive findings (such as positive SLRs) to be consequential of a medically determinable spinal impairment. [Plaintiff] otherwise does not have a medically determinable physical impairment related to her chronic pain complaints." Tr. 18. Plaintiff argues that the ALJ erred by finding Plaintiff did not have severe physical impairments, and specifically contends that the ALJ erred by failing to evaluate chronic pain disorder at step two. ECF No. 12 at 4-8. The Court agrees.[1]

---

[1] The Court notes that Plaintiff frames this argument, in part, as an error in not "giving some res judicata consideration" to the prior ALJ's finding that Plaintiff's chronic pain syndrome was a severe impairment. ECF No. 12 at 3-5; Tr. 109. However, while a previous ALJ's findings concerning a claimant's RFC are entitled to some *res judicata* consideration, the findings can be reconsidered by a subsequent judge upon showing of new information that was not presented to the first judge. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008)

ORDER ~ 10

The ALJ confined his analysis almost entirely to whether fibromyalgia was a medically determinable impairment,[2] and in support of this finding cited evidence of normal strength, normal sensation, negative straight leg raises, normal gait, normal balance, and normal coordination.  Tr. 18, 463, 495, 512, 529, 538, 555, 744, 850, 970.  The ALJ also cited a January 2018 ER examination finding lack of tenderness in Plaintiff's extremities, full range of motion, and full muscle strength; and 2017 and 2018 ER examinations finding normal range of motion in her neck, back, and extremities.  Tr. 18, 584, 828, 862.  In addition, the ALJ found, without citation to the record, that Plaintiff's "spinal impairment" was not severe because

---

(citing *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988))  As noted by Defendant, the "entirety of the medical record with respect to the present application is dated after the prior ALJ's decision."  ECF No. 14 at 21.  Thus, the Court will address Plaintiff's arguments regarding Plaintiff's alleged chronic pain impairment at step two, and in light of the need to remand to reconsider step two and the remaining sequential analysis on remand, it is unnecessary to consider Plaintiff's *res judicata* argument here.

[2] Plaintiff also challenges the ALJ's findings that fibromyalgia was not a medically determinable impairment.  ECF No. 12 at 6-8.  However, and in light of the need to remand for proper consideration of chronic pain impairment, the Court instructs the ALJ to reconsider fibromyalgia on remand, if necessary.

ORDER ~ 11

she "had no documented findings of impaired strength, ambulation, sensation, or range of motion from [her] spinal impairment," and "she has no documented findings of spasms in her spine or musculoskeletal system, or any documented treatment for such spasms. Instead, her previously discussed treatment records document adequate pain control." Tr. 18.

As to her "spinal impairment," Defendant argues that Plaintiff "has not presented any objective evidence to show that her alleged pain or muscle spasms resulted in significant functional limitations." ECF No. 14 at 13. In addition, Defendant contends the ALJ properly evaluated Plaintiff's spine impairment based on "normal" examination findings and "adequate pain control." ECF No. 14 at 12. However, Plaintiff correctly notes that the ALJ failed to consider evidence of back spasms, muscle tightness, tenderness, decreased range of motion, and positive straight leg tests; Plaintiff's reports of 7/10 to 10/10 pain; and Plaintiff's ongoing treatment for pain, including trigger point injections that helped 70-100% "but wore off within a week." ECF No. 12 at 6; Tr. 346, 352, 357, 359-60, 512, 529, 547, 555, 876-77, 885, 916-17, 923, 997. Moreover, the Court's independent review of the same treatment notes cited by the ALJ in support of this finding reveals simultaneous findings of tenderness to palpation in Plaintiff's neck, back and arms; muscle tightness; slow gait; generalized pain; positive straight leg test on both sides; and "increased trigger point [tenderness to palpation] of mid back and arms." Tr. 512, 529, 538, 555, 744, 970.

ORDER ~ 12

Finally, ALJ summarily found that aside from "spinal impairment," Plaintiff's "chronic pain complaints" were not medically determinable. Tr. 18. However, beyond the bare assertion that chronic pain was not a medically determinable impairment, the ALJ did not set forth any analysis regarding how he made this determination. Without the ALJ offering more than a stated conclusion, the Court is unable to meaningfully review whether the ALJ's finding that Plaintiff's chronic pain is not a medically determinable impairment is supported by the evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.") (quoting *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

Moreover, as noted by Plaintiff, she has been in ongoing treatment for diagnoses of "chronic pain" and "pain disorder with related psychological factors" with multiple treating providers across the entire adjudicatory period. ECF No. 12 at 4-8; Tr. 346 (tightness in paraspinal, decreased range of motion, and multiple myofascial tender spots), 354, 359, 529, 538, 555, 926, 931 (medication increased due to pain "flareup"), 933, 935, 937, 939, 942, 946 (9/10 pain in hip), 948, 952 (8/10 pain), 954, 962, 964,  966 (8/10 hip pain, lower back pain, and lower left

ORDER ~ 13

extremity pain), 970 (finding pain is related to muscle spasms), 975-76, 977 (noting lower paraspinal trigger points, tenderness to palpation, and fibromyalgia trigger points), 981 (noting multiple fibromyalgia trigger points), 983, 985, 987. This treatment included trigger point injections and numerous medications prescribed for her pain.  Tr. 348 (administered trigger point injections), 352 (noting neck spasm, tenderness, and trigger points), 357 (administered trigger point injections), 930-31 (noting Lyrica "helping with some of the pain"), 944 (administered trigger point injections), 950-51 (refilled medications and they were noted to "help control" her pain, but still experiencing 8/10 pain due to weather), 956-57 (increasing medication), 967-68, 973-74 (administered trigger point injections), 978 , 982 (prescribing new medication for pain).  Finally, as noted by Plaintiff, the record includes consistent evidence of positive straight leg raises, trigger point tenderness, muscle spasms, muscle tightness, tenderness, fatigue, headaches, and mental health complaints.  ECF No. 12 at 7.

For all of these reasons, the Court finds the ALJ erred by failing to consider chronic pain impairment at step two.  Moreover, the Court notes that this error cannot be considered harmless.  An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'"  *Molina*, 674 F.3d at 1115 (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)).  Thus, if a claimant prevails at step two and the ALJ considers all impairments - regardless of

ORDER ~ 14

severity - in the subsequent steps, an ALJ's failure to consider an impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, Plaintiff prevailed at step two; however, as discussed in detail above, the ALJ did not consider chronic pain impairment at any of the subsequent steps of the sequential evaluation. *Cf. Lewis,* 498 F.3d at 911 (holding that ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was harmless where ALJ specifically discussed bursitis and its effects when identifying the basis for limitations in the RFC; and considered limitations caused by bursitis at step four). Therefore, the ALJ's error at step two in this case is not harmless. The ALJ's selective review of the record permeated the ALJ's entire decision and impacted the analysis at the subsequent steps.

Based on the foregoing, this case must be remanded in order to determine whether Plaintiff's claimed physical impairments were medically determinable and severe, and, if so, to consider any credible limitations arising out of Plaintiff's physical impairments at all subsequent steps in the sequential evaluation.

**B. Additional Assignments of Error**

Plaintiff additionally argues that the ALJ improperly rejected the medical opinions of R. Cline, Psy.D. and J. Fitterer, M.D..; improperly considered Plaintiff's symptom claims; and erred by not giving *res judicata* consideration to the ALJ's prior 2014 findings. ECF No. 12 at 3-5, 8-20. However, the ALJ's error at step two requires remand for proper consideration of Plaintiff's claimed

ORDER ~ 15

1  impairments and to reconsider each of the remaining steps in the five-step
2  sequential evaluation, incorporating any additional impairments and work
3  limitations possibly caused by Plaintiff's claimed physical impairments.  As the
4  ALJ's error at step two impacts all aspects of the ALJ's decision, the ALJ is
5  instructed to reweigh the medical opinion evidence of record, reconsider Plaintiff's
6  symptom claims, and reevaluate remaining steps of the sequential evaluation.
7  Finally, as discussed in detail above, the Court addressed Plaintiff's arguments
8  regarding Plaintiff's alleged chronic pain impairment at step two, and in light of
9  the need to remand to reconsider step two and the remaining sequential analysis on
10 remand, the ALJ shall give appropriate *res judicata* consideration to the prior
11 decision, if necessary on remand.

## REMEDY

13     The decision whether to remand for further proceedings or reverse and
14 award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,
15 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate
16 where "no useful purpose would be served by further administrative proceedings,
17 or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*
18 *Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by
19 remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280
20 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a
21 district court may abuse its discretion not to remand for benefits when all of these

ORDER ~ 16

conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ erred at step two, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reconsider the step two finding. The ALJ should also reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider Plaintiff's symptom claims, the

ORDER ~ 17

remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** November 25, 2020.

*Stanley A. Bastian*
Stanley A. Bastian
Chief United States District Judge

ORDER ~ 18